# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>TWITTER, INC.,<br><br>      Defendant. | Case No. 6:12-cv-00792 (LED)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT TWITTER, INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. STATEMENT OF ISSUES ................................................................................................ 2
III. FACTUAL BACKGROUND ............................................................................................. 2
    A. The Lawsuit Has Just Begun ...................................................................................... 2
    B. Plaintiff and Its Affiliates Are in Northern California ............................................... 3
    C. Defendant Twitter, Inc. is Headquartered in Northern California .......................... 3
IV. THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA ................................................................................................................ 4
    A. This Case Could have been Brought in the Northern District of California ........... 5
    B. Private Factors Support a Transfer ........................................................................... 6
        1. Relative Ease of Access to Sources of Proof Favors Transfer .................... 6
        2. The Availability of Compulsory Process Favors Transfer ......................... 8
        3. The Cost of Attendance for Willing Witnesses Favors Transfer ................ 9
        4. Other Practical Problems ........................................................................... 10
    C. Public Factors Support a Transfer ........................................................................... 11
        1. The Northern District Of California Has A Much Greater Interest In This Case ................................................................................................... 11
        2. The Time to Trial in the Northern District of California is Shorter Than the Eastern District of Texas ............................................................ 12
        3. The Northern District of California is Familiar with Patent Law and There are No Conflicts of Law ................................................................. 13
    D. Judicial Economy ....................................................................................................... 13
V. CONCLUSION .................................................................................................................. 15

## **TABLE OF AUTHORITIES**

**CASES**

*Ahern Rentals, Inc. v 916 Electric, Inc.*,
  No. 2:11-cv-00726-ECR-RJJ, 2012 WL 589476 (D. Nev. Feb. 22, 2012) ..............................8

*Collins v. JC Penney Life Ins. Co.*,
  No. C 01-4069-SI, 2002 WL 505931 (N.D. Cal. April 1, 2002) ..............................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S.Ct. 2846 (2011)..............................................................................................................5

*In re Acer Am. Corp*,
  626 F.3d 1252 (Fed. Cir. 2010)...............................................................................6, 10, 11, 14

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)....................................................................................... *passim*

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)................................................................................................6

*In re Nintendo, Co.*,
  589 F.3d 1194 (Fed. Cir. 2009)............................................................................................4, 6

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)....................................................................................... *passim*

*In re Verizon Bus. Network Servs., Inc.*,
  635 F.3d 559 (Fed. Cir. 2011)................................................................................................14

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) ........................................................................ *passim*

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. 2010)..............................................................................................14

*Innovative Global Sys. LLC v. OnStar, LLC*,
  No. 6:10-CV-574-LED-JDL, 2012 U.S. Dist. LEXIS 114504 (E.D. Tex. Feb. 14,
  2012) .....................................................................................................................................14

*Klausner Technologies, Inc., v. Interactive Intelligence Group, Inc.*,
  No. 6:11-CV-00578-LED, at 7 (E.D. Tex. Sept. 26, 2012)....................................................14

*Morris v. Safeco Ins. Co.*,
  No. C 07-2890 PJH, 2008 WL 5273719 (N.D. Cal. Dec. 19, 2008) .......................................8

*Network Prot. Sciences, LLC v. Juniper Networks, Inc.*,
   No. 2:10-CV-224-JRG, 2012 WL 194382 (E.D. Tex. Jan. 23, 2012) ........................................7

*Vasudevan Software , Inc. v. IBM Corp.*,
   No. 2:09-CV-105-TJW, 2009 WL 3784371 (E.D. Tex. Nov. 10, 2009) ................................12

*Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*,
   No. 2:10-CV-160-JRT, 2012 WL 194370 (E.D. Tex. Jan 23, 2012).........................................7

*Zoltar Satellite Sys., Inc. v. LG Elecs.*,
   402 F. Supp. 2d 731 (E.D. Tex. 2005)....................................................................................13

**STATUTES**

28 U.S.C. § 1332(c) ........................................................................................................................5

28 U.S.C. § 1391............................................................................................................................5

28 U.S.C. § 1391(c) .......................................................................................................................5

28 U.S.C. § 1400(b) .......................................................................................................................5

28 U.S.C. § 1404(a) .................................................................................................................. *passim*

California Code of Civil Procedure § 1989 ...................................................................................8

Pursuant to 28 U.S.C. § 1404(a), Defendant Twitter, Inc. ("Twitter") respectfully moves to transfer venue of the claims against it to the United States District Court for the Northern District of California.

## I.   INTRODUCTION

The Northern District of California is a clearly more convenient forum for this patent infringement dispute between two companies headquartered in San Francisco, California who have no discernible ties to the Eastern District of Texas. All of the private interest factors that inform the transfer analysis overwhelmingly favor transfer. Plaintiff Evolutionary Intelligence, LLC ("EI") and Twitter are both headquartered in San Francisco, California. All of the documents likely relevant to this lawsuit, as well as all of the likely party witnesses are located in the Northern District of California. Additionally, many of the relevant third-party witnesses, including the attorneys who prosecuted the patents-in-suit, work there and are subject to complete subpoena power there. In contrast, no witnesses or documents relevant to this lawsuit reside in Texas or the Eastern District of Texas, which is more than 1800 miles from where these witnesses live and work and where the relevant documents are stored.

The public interest factors also strongly favor transfer. This lawsuit has just begun; Twitter moved to dismiss EI's Complaint last week, neither party has served any discovery, no Scheduling Conference has been set and no trial date has been set. Additionally, the Northern District of California has a strong interest in resolving this dispute between two companies headquartered there – the alleged harmful conduct (which Twitter denies) and the alleged impact of that conduct all took place there. Moreover, the time to trial in the Northern District of California is slightly shorter than the Eastern District of Texas and the Northern District of California is equally well equipped to handle this patent infringement lawsuit. There simply is

no reason for this case to have been filed here – or to remain here.  As such, the Court should transfer this case to the Northern District of California.

## II.   STATEMENT OF ISSUES

By this Motion, Twitter requests that the Court decide the following issue:

1. Whether this litigation should be transferred under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California as both parties reside in that District and most – if not all – of the witnesses and documents are located there and none are located here.

## III.   FACTUAL BACKGROUND

### A.   The Lawsuit Has Just Begun

On October 17, 2012, EI filed this suit against Twitter alleging infringement of U.S. Patent Nos. 7,010,536 (the "'536 patent") and 7,702,682 (the "'682 patent") (collectively the "Asserted Patents").  These related patents concern transmitting, receiving, manipulating, and searching data stored in "containers" with specified characteristics.  That same day, EI filed eight other complaints asserting infringement of the '536 and '682 patents against unrelated defendants:  Apple Inc.; Foursquare Labs, Inc.; Groupon, Inc.; LivingSocial, Inc.; Millennial Media, Inc.; several Sprint companies;[1] Yelp Inc.; and Facebook, Inc.

This case is in its very early stages.  On December 13, 2012, Twitter moved to dismiss EI's Complaint for failure to state a claim. (Dkt. No. 10).  The Court has not held a case management conference, issued a scheduling order, or set a date for trial.  Neither party has served any discovery.  The same is true for each of the other cases filed by EI.

---

[1] Sprint Nextel Corporation, Sprint Communications Company, L.P., Sprint Spectrum, L.P., and Sprint Solutions, Inc.

### B. Plaintiff and Its Affiliates Are in Northern California

EI admits in its Complaint that it is "a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California." Complaint (Dkt. No. 1), ¶ 1. According to assignment records, the immediately prior assignee of the Asserted Patents, Incandescent, Inc., occupies the same business address in San Francisco, California, as EI. *See* Declaration of Jeffrey Connor in Support of Defendant Twitter, Inc.'s Motion to Transfer (hereinafter, "Connor Decl."), Ex. A. Further, Michael De Angelo, the sole named inventor on the Asserted Patents, Manager of EI, and CEO of Incandescent, Inc., represents that he is located in the San Francisco Bay Area. *See* Connor Decl., Exs. A and D. Aside from the lawsuits filed on October 17, 2012, EI appears to have no connection to the Eastern District of Texas.

### C. Defendant Twitter, Inc. is Headquartered in Northern California

Twitter is a Delaware company that has its headquarters in San Francisco, California. Complaint ¶ 2; Declaration of Ed Axelsen in Support of Defendant Twitter, Inc.'s Motion to Transfer (hereinafter "Axelsen Decl."), ¶ 3. San Francisco serves as the headquarters for Twitter's U.S. sales, finance, and marketing operations and the Twitter employees with knowledge regarding these operations are based in San Francisco. Axelsen Decl. ¶ 4. Twitter does not have, and has never had, any servers in Texas, *id.* at ¶ 5, and does not have employees located within 100 miles of Tyler, Texas, *id.* at ¶ 6. Accordingly, the vast majority of sources of proof relating to the products and functionalities that Twitter provides are located in the Northern District of California.

## IV. THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

Section 1404(a) of Title 28 of the United States Code governs change of venue. Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A motion to transfer venue should be granted upon a showing that the transferee venue 'is clearly more convenient' than the venue chosen by the plaintiff." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

The "preliminary question" under Section 1404(a) is "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen*, 545 F.3d at 312. Once that question has been answered in the affirmative, courts in the Fifth Circuit analyze both private and public factors relating to the convenience of the parties and witnesses as well as the interests of particular venues in hearing the case. *See, e.g.*, *id.* at 315. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal citations omitted). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (internal citations omitted). "[T]he Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer." *In re Nintendo, Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

### A. This Case Could have been Brought in the Northern District of California

The "preliminary question" under Section 1404(a) of whether a lawsuit "might have been brought" in the destination venue is easily answered in the affirmative here. The Northern District of California unquestionably is a venue in which this litigation "might have been brought." Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Under 28 U.S.C. § 1391, venue is proper in any judicial district where a defendant "resides" or where a substantial part of the events giving rise to the claim occurred. A corporate defendant "resides" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Pursuant to 28 U.S.C. § 1400(b) a patent infringement action may be brought in the judicial district where the defendant resides.

Twitter maintains its principal place of business in San Francisco and, the vast majority of the Twitter documents and employees with knowledge relevant to Twitter's operations are located in the Northern District of California. *See* Complaint, ¶ 2, Axelsen Decl., ¶ 4. Twitter, thus, "resides" in the Northern District of California and its contacts with that District are so continuous and systematic that Twitter is "essentially at home" in the Northern District of California, subjecting Twitter to the general jurisdiction of that forum. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). As such, at the time the litigation was filed, Twitter was subject to personal jurisdiction in the Northern District of California under 28 U.S.C. § 1332(c) and venue would have been proper in the same district under 28 U.S.C. § 1400(b). The "preliminary question" in the Section 1404(a) analysis, therefore, has been answered affirmatively. *See In re Volkswagen*, 545 F.3d at 312.

### B. Private Factors Support a Transfer

In a transfer analysis, the proposed transferee forum is "clearly more convenient" when, as here, the vast majority of the relevant evidence is concentrated in and around the transferee district and there are no witnesses and no evidence in the district deciding the transfer motion. *See, e.g.*, *In re Nintendo*, 589 F.3d at 1198 (Fed. Cir. 2009) (transfer should be granted when "most witnesses and evidence [are] closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff."); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *In re Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

#### 1. Relative Ease of Access to Sources of Proof Favors Transfer

The fact that technological innovation has made access to documents and evidence "a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen*, 545 F.3d at 316. When analyzing this factor, consideration is given to the distance that documents or other evidence must travel to be moved from the location where they are usually found or stored to the place of trial. *See id.* A district court may presume that the majority of discoverable material relating to a corporate party is located at the corporate headquarters. *See In re Acer Am. Corp*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).

Twitter's U.S. sales, finance, and marketing operations are headquartered in San Francisco. Axelsen Decl., ¶ 4. The documents relating to these aspects of Twitter's operations are likewise located in San Francisco. Axelsen Decl., ¶ 9. Other documents and evidence in Twitter's possession that may be relevant to this case (which, at present cannot be ascertained given the lack of specificity of EI's infringement allegations) are located in the Northern District of California or are otherwise easily accessible from Twitter's San Francisco headquarters. *Id.*

As is true in most patent infringement cases, the majority of the relevant evidence will come from the defendant, here, Twitter. *See In re Genentech*, 566 F.3d at 1345.  In this case, to move the documents and other evidence from Twitter's San Francisco headquarters to the courthouse in Tyler, Texas, would require transporting them more than 1800 miles.  Connor Decl., ¶ 6 and Ex. E.  Some material which may be relevant, such as source code and other confidential trade secrets, may be so sensitive that they can only be inspected in San Francisco.  In contrast, if this case proceeds in the Northern District of California, relevant documents and other evidence would not need to be transported outside of Twitter's "home" District.  Thus, "[k]eeping this case in the Eastern District of Texas will impose a significant and unnecessary burden on [Twitter] to transport documents that would not be incurred if the case were to proceed in the Northern District of California." *See In re Genentech*, 566 F.3d at 1346.

Transferring this litigation to the Northern District of California will not only ease the burden on Twitter.  It will also be more convenient for EI.  EI's headquarters and its Manager, Michael De Angelo, are also located in the San Francisco area, and documents relating to EI and Mr. De Angelo are likely to be located there as well.

In sum, the vast majority of relevant evidence from both parties is located in the Northern District of California.  Texas, by contrast, has no ease of access to the proof in this case.  Because the "physical accessibility to sources of proof" is a particularly important factor, even in view of modern advances in the electronic transportation of documents, this factor weighs heavily in favor of transfer.  *See Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-CV-160-JRT, 2012 WL 194370, at *5 (E.D. Tex. Jan 23, 2012); *Network Prot. Sciences, LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224-JRG, 2012 WL 194382, at *3 (E.D. Tex. Jan. 23, 2012) (both citing *In re Volkswagen*, 545 F.3d at 318 and *In re TS Tech*, 551 F.3d at 1321).

### 2. The Availability of Compulsory Process Favors Transfer

The "availability of compulsory process" factor favors transfer when non-party witnesses are located within the subpoena power of the transferee court. *See In re Volkswagen*, 545 F.3d at 316. This factor weighs most heavily in favor of transfer when the transferee court has "complete" subpoena power of third-party witnesses, meaning they are subject to subpoena for both deposition and trial. *Id*.

At present, all of the known third-party witnesses are located outside the subpoena power of this Court while most are within the "complete" subpoena power of the Northern District of California. In particular, the following prosecuting attorneys are located in the Northern District of California: James Okamoto (San Jose), Tamara Fraizer (Redwood City), Dorian Cartwright (San Jose), and Sanjeet Dutta (Redwood Shores).[2] In addition, prosecuting attorneys Carl Kukkonen, III, William Hunter, and Mark Shean are located in southern California.[3] The Northern District of California has subpoena power over these non-party witnesses, as the Court's subpoena power extends throughout California under Federal Rule of Civil Procedure 45(b)(2) and California Code of Civil Procedure § 1989. *See Ahern Rentals, Inc. v 916 Electric, Inc.*, No. 2:11-cv-00726-ECR-RJJ, 2012 WL 589476, at *4 (D. Nev. Feb. 22, 2012); *Morris v. Safeco Ins. Co.*, No. C 07-2890 PJH, 2008 WL 5273719, at *5 (N.D. Cal. Dec. 19, 2008); *Collins v. JC Penney Life Ins. Co.*, No. C 01-4069-SI, 2002 WL 505931, at *4 n. 1 (N.D. Cal. April 1, 2002). Finally, prosecuting attorney Greg Sueoka is located in Salt Lake City, Utah,[4] approximately 700 miles from San Francisco and over 1300 miles from Tyler.

It is also highly probable that witnesses working for the companies that previously owned the Asserted Patents will have relevant information to this litigation. Assignment records

---

[2] *See* Connor Decl., Exs. G-J.
[3] *See* Connor Decl., Exs. K-M.
[4] *See* Connor Decl., Ex. N. Mr. Sueoka's firm also has an office in Los Altos, California. *See id*.

indicate that the Asserted Patents were assigned to EI by Incandescent, Inc., which has the same business address in San Francisco as EI.  Connor Decl., Ex. A.  These records also indicate that Incandescent, Inc. obtained the Asserted Patents by assignment from Pattern Intelligence, Inc. of Palm Springs, California.  *Id.* at Exs. B and C.

Since none of the known third-party witnesses are located within the subpoena power of the Court and many of the witnesses are subject to "complete" subpoena power in the Northern District of California, the "availability of compulsory process" factor strongly favors the transfer of this litigation to the Northern District of California.

### 3. The Cost of Attendance for Willing Witnesses Favors Transfer

In a transfer analysis, "[t]he convenience of the witnesses is probably the single most important factor." *In re Genentech*, 566 F.3d at 1343 (citing *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)).  One reason for this is the fact that "'[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *In re TS Tech*, 551 F.3d at 1320.  Further, "[b]ecause it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established [ ] a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *See id*.

Here, the exact identity of witnesses with relevant information cannot be ascertained due to the vagueness of the Complaint.  Nevertheless, given that Twitter is headquartered in San Francisco, many of its employees reside in or near the Northern District of California.  *See*

TWITTER'S MOTION TO TRANSFER                                                                                         9
Case No. 6:12-cv-00792 (LED)

Axelsen Decl., ¶¶ 3-4. Continuing this litigation in this District would force these witnesses to travel over 1800 miles to attend trial. Connor Decl., ¶ 6, Ex. E. Similarly, because EI also is located in San Francisco, EI's corporate witnesses also would have to travel over 1800 miles to attend trial. *See id.* In contrast, if the present litigation is transferred to the Northern District of California, it is highly likely that *neither* party's witnesses will need to travel. The Northern District of California, therefore, indisputably is more convenient for the vast majority, if not all, of the party witnesses. *See In re Acer Am. Corp*, 626 F.3d at 1255 ("the combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiff'[s] chosen forum is an important consideration").

Moreover, many of the known third-party witnesses are located in and around the Northern District of California, while none are located in the Eastern District of Texas. The known third-party witnesses located outside of Northern California are all closer to Northern California than Tyler, Texas.

In view of the foregoing, this factor weighs strongly in favor of transfer to the Northern District of California.

### 4. Other Practical Problems

This factor accounts for the elements "that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315. This case (as well as each of the other cases EI filed) is in its early stages, discovery has not even begun and no trial date has been set. There is, therefore, no risk of delay or prejudice from transferring this case to the Northern District of California. Additionally, as noted previously, maintaining this case in the Eastern District of Texas would force Twitter (and EI) to expend considerable resources moving documents and people to Texas for a trial. For example, lead counsel for both EI and Twitter are located in San Francisco, meaning both parties will incur costs to have counsel travel to Tyler for hearings and

trial – costs that would not be necessary if the case is transferred to the Northern District of California. Moreover, both EI and Twitter have hired local counsel in the Eastern District of Texas, which are additional costs that would not be necessary if this case is transferred to the Northern District of California. Accordingly, this factor favors transfer to the Northern District of California.

### C. Public Factors Support a Transfer

In addition to the private factors, the Court must also consider the following public interest factors: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law. *In re TS Tech*, 551 F.3d at 1319. As applied here, the balance of the public interest factors favors transfer.

#### 1. The Northern District Of California Has A Much Greater Interest In This Case

Local interests favor adjudication of this case in the Northern District of California, as it has a substantial connection to this case. Both parties' witnesses and headquarters are in the Northern District of California. *See In re TS Tech*, 551 F.3d at 1321. Though EI's allegations are too vague to identify the accused products and functionalities, it is likely that the products and functionalities were largely researched, designed, developed, or carried out in or near Twitter's San Francisco headquarters. Moreover, the Plaintiff, named inventor, and several prosecuting attorneys are all located in the Northern District of California, which increases that forum's interest in this case. *See In re Acer Am. Corp.*, 626 F.3d at 1256 ("[U]nlike the Eastern District of Texas, the Northern District of California has a localized interest in this matter. The company asserting harm and many of the companies alleged to cause that harm are all residents

of that district, as are the inventor and patent prosecuting attorneys whose work may be questioned at trial.").

In contrast, there is no connection between this case and the Eastern District of Texas, giving the Eastern District of Texas little interest in having the case tried locally. *In re TS Tech*, 551 F.3d at 1321. Any argument that the citizens of the Eastern District of Texas have a "substantial interest" in having the case tried locally because Twitter's products or services were made available in this District has been "unequivocally rejected" by the Federal Circuit. *Id.* As in *TS Tech*, Twitter's products and services are available "throughout the United States" and thus "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *See id.* In other words, this District's relatively insignificant connection to this case does not outweigh the substantial interest the residents of the Northern District of California have in this litigation. *See In re Volkswagen*, 545 F.3d at 318. Accordingly, this factor weighs heavily in favor of transfer to the Northern District of California.

### 2. The Time to Trial in the Northern District of California is Shorter Than the Eastern District of Texas

"To the extent court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech*, 566 F.3d at 1347. Recent statistics indicate that the median time for disposition of cases in the Eastern District of Texas is 8.6 months and the median time for disposition is 8.0 months for the Northern District of California. Connor Decl., Ex. F. The median time for cases going to trial in the Eastern District of Texas is 26.1 months, and the median time for cases going to trial in the Northern District of California is 25.4 months. *Id.* The Northern District of California and this District therefore proceed to trial and resolve cases in similar amounts of time. *See Vasudevan Software, Inc. v. IBM Corp.*, No. 2:09-CV-105-TJW, 2009 WL 3784371, at *3 (E.D. Tex. Nov. 10, 2009) (granting motion to transfer

case to Northern California and finding that court congestion factor was neutral). As such, the "court congestion" factor is neutral.

### 3. The Northern District of California is Familiar with Patent Law and There are No Conflicts of Law

Both this Court and the Northern District of California are familiar with patent cases and have adopted local patent rules to address the issues unique to patent litigation. Further, "patent laws are statutory and substantive decisions under these laws are reviewed by the Federal Circuit in all districts, eliminating any possibility of a conflict of laws issues." *Zoltar Satellite Sys., Inc. v. LG Elecs.*, 402 F. Supp. 2d 731, 738 (E.D. Tex. 2005). Accordingly, these two factors are neutral.

### D. Judicial Economy

This case is still in its infancy. Twitter moved to dismiss EI's Complaint on December 13, 2012. The Court has not held a Scheduling Conference, and has not set a schedule for the case or a trial date. Neither party has served any discovery. Thus, the Court has not invested time and energy familiarizing itself with the Asserted Patents or the parties' contentions that would be wasted if the case is transferred to the Northern District of California.

As noted above, EI sued eight additional defendants[5] on October 17, 2012, and all defendants have moved, or likely will be moving, to transfer their respective cases, and all are willing to litigate in the Northern District of California. Judicial economy would best be served by proceeding in the Northern District of California. Plaintiff's choice to sue nine unrelated defendants in a forum in which *no* party is headquartered cannot "create" judicial economy, particularly where, as here, other options exist for the parties, such as transferring cases to the Northern District of California, where several of the defendants are headquartered and others

---

[5] The term "Defendants" in this section refers both to individual defendants such as Twitter, as well as groups of defendants, such as the related Sprint entities.

TWITTER'S MOTION TO TRANSFER  13
Case No. 6:12-cv-00792 (LED)

have a significant presence.[6] *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (holding that the existence of another suit in the forum does not "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor" transfer); *In re Acer Am. Corp.*, 626 F.3d at 1254-55 (finding the factors strongly favored transfer where "[the plaintiff], a company headquartered in the Northern District of California, brought suit in the Eastern District of Texas against twelve hardware and software companies, five of which are also headquartered in the Northern District of California").

Indeed, in similar circumstances this Court has found the judicial economy factor neutral and granted transfer to the more convenient forum. *See Klausner Technologies, Inc., v. Interactive Intelligence Group, Inc.*, No. 6:11-CV-00578-LED, at 7 (E.D. Tex. Sept. 26, 2012) (J. Davis) (finding this factor neutral where the plaintiff had filed over fifty cases involving the same patent-in-suit as the "case is still in its infancy; no discovery or status conference has taken place yet[;] and it would not overly prejudice [the plaintiff] if the case was transferred"). Connor Decl., Ex. T. Other courts also agree that a "co-pending suit in its infancy . . . does not increase the Court's familiarity with the patents-in-suit and therefore does not implicate judicial economy." *Innovative Global Sys. LLC v. OnStar, LLC*, No. 6:10-CV-574-LED-JDL, 2012 U.S. Dist. LEXIS 114504, at *20 (E.D. Tex. Feb. 14, 2012); *accord In re Zimmer*, 609 F.3d at 1382; *c.f. In re Verizon Bus. Network Servs., Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) ("To interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a).") Judicial economy can

---

[6] Specifically, Apple, Yelp, and Facebook are also headquartered in the San Francisco Bay Area. Additionally, Foursquare Labs, Groupon, Living Social, and Millennial Media each have an engineering office in Northern California. *See* Connor Decl., Exs. O-R. Finally, Sprint has offices in Northern California. *See* Connor Decl., Ex. S.

and will be served by transferring this case and the other cases to the vastly more convenient forum of the Northern District of California.

## V. CONCLUSION

For the reasons set forth above, Twitter respectfully requests that the Court transfer this case to the clearly more convenient venue of the United States District Court for the Northern District of California.

Dated:   December 21, 2012

Respectfully submitted,

*/s/ Robert D. Tadlock*
ROBERT D. TADLOCK
KILPATRICK TOWNSEND & STOCKTON, LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  rtadlock@kilpatricktownsend.com

MICHAEL E. JONES
State Bar No. 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846
Email:  mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANT TWITTER, INC.**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendant Twitter spoke with counsel for Plaintiff Evolutionary Intelligence, LLC on December 5, 2012, in compliance with LR CV-7(h). Counsel for Plaintiff has indicated that the Motion is opposed.

*/s/ Robert D. Tadlock*
ROBERT D. TADLOCK

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on December 21, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Robert D. Tadlock*
ROBERT D. TADLOCK

64744921V.1