IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant. | Case No. 6:12-cv-00792-MHS <br><br> JURY |
| EVOLUTIONARY INTELLIGENCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> YELP, INC., <br><br> Defendant. | Case No. 6:12-cv-00794-MHS <br><br> JURY |

PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANTS' MOTIONS TO TRANSFER VENUE

On October 17, 2012, Evolutionary Intelligence filed complaints against twelve defendants, alleging infringement of two patents. Most of the defendants have filed motions to transfer venue to the Northern District of California. According to the defendants, the main reason the cases should be transferred is that the defendants' software was developed, in whole or in part, in the Northern District of California.

After reviewing their motions, Evolutionary Intelligence asked the defendants whether they would agree to limited discovery regarding venue. (Kennedy Decl. ¶ 3.) Most importantly, Evolutionary Intelligence asked to take discovery to determine where the development of key aspects of the accused software takes place. This is an important issue for a couple of reasons. First, many large software companies allow their senior software developers to live anywhere and work remotely. Second, large software companies often use software functions and libraries that are written by third parties, who may be located anywhere (including, of course, Texas).

Most of the defendants have been reasonable. Except for Twitter, Yelp, and Groupon,[1] all of the defendants who filed a motion to transfer agreed to allow Evolutionary Intelligence to have at least a 45-day extension to file its oppositions in order to allow time for limited discovery.[2] (Kennedy Decl. ¶ 3, Ex. A.) During that 45-day period, the cooperative defendants have agreed to allow Evolutionary Intelligence to serve three interrogatories and five document requests regarding venue. (*Id.* ¶ 4, Ex. A.) Each of those defendants has also agreed to consider making a 30(b)(6) witness available for four hours. (*Id.*) In addition, Evolutionary Intelligence has agreed to allow the defendants to take the same discovery. (*Id.*)

Twitter and Yelp, however, have taken the position that they should not be required to provide *any* information regarding venue. They have refused to permit

---

[1] Groupon is still considering the request.
[2] In order to allow sufficient time, Evolutionary Intelligence has asked the cooperative defendants to agree to a 60-day period. It is waiting to hear back from them. (Kennedy Decl. ¶ 3.)

1

Evolutionary Intelligence to serve a single interrogatory or document request, or to take a single deposition. In fact, they believe that Evolutionary Intelligence should be required to respond to their motions to transfer today.

Evolutionary Intelligence believes that this is an unreasonable position, especially because these defendants have made very specific assertions of fact in their motions to transfer, and have also submitted declarations regarding those assertions. For example, Twitter submitted a declaration of its Director of Real Estate and Facilities admitting that Twitter has employees in Texas, but asserting that "[n]one of the Texas-based Twitter employees is knowledgeable about the design, configuration, and operation of the computer systems that provide users access to the www.twitter.com website or content through the Twitter app." (Case No. 6:12-cv-00792-MHS, Dkt. No. 13-1 ¶ 7.) Similarly, Yelp submitted a declaration of its Director of Systems, admitting that Yelp has ten employees in Texas, but asserting that "none of these Texas-based employees has significant knowledge about, or exposure to, the design, configuration, and operation of the computer systems that run Yelp's website and mobile applications." (Case No. 6:12-cv-00794-MHS, Dkt. No. 14-1 ¶ 6.)

Evolutionary Intelligence would like to test the veracity of these assertions because, in its counsel's experience, sometimes declarations are not 100% accurate. Evolutionary Intelligence would also like to ascertain the identity of the key software functions and and libraries of the defendants, as well as the identity and location of the individuals and third parties who authored them. Evolutionary Intelligence would then be able to prepare an informed opposition to the motions to transfer (or, if the facts uncovered during discovery require, a notice of non-opposition).

The Court has discretion to permit discovery regarding venue. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (noting that the decision

2

to grant or deny jurisdictional discovery requests is within the district court's discretion); *Lowe v. Eltan B.V.*, 2006 U.S. Dist. LEXIS 97687 (E.D. Tex. Mar. 27, 2006) (noting that discovery regarding venue issues "is allowed in the Rule 12(b)(2) context.") This is especially true because litigants sometimes attempt to manipulate venue by artfully stating the facts in a way that may mislead the finder of fact. "[T]he Supreme Court has long required courts to ensure that venue laws are not frustrated by attempts at manipulation." *Mgm Well Servs. v. Prod. Control Servs.*, 2010 U.S. Dist. LEXIS 144799 (E.D. Tex. Nov. 22, 2010) (citations omitted).

In an effort to be reasonable, Evolutionary Intelligence agrees to limit its venue discovery of Twitter and Yelp to the same scope that the other defendants have agreed to. That is, Evolutionary Intelligence will limit its venue discovery of each defendant to three interrogatories, five document requests, and four hours of 30(b)(6) testimony. Evolutionary Intelligence further agrees allow the defendants to conduct the same measure of discovery as the other defendants have agreed to conduct. To provide sufficient time for this limited discovery, Evolutionary Intelligence requests that its opposition briefs be due 60 days after discovery opens.[3]

## CONCLUSION

For the reasons stated above, Evolutionary Intelligence respectfully requests that the Court grant it an extension of time to respond to the motions to transfer of Twitter and Yelp. Specifically, Evolutionary Intelligence requests that its opposition briefs be due 60 days after discovery opens.

---

[3] Evolutionary Intelligence would be willing to start the 60-day period of venue-related discovery immediately, but Twitter and Yelp have refused to consent to any early discovery.

Dated: January 22, 2013                    Respectfully submitted,


                                                          /s/ Todd Kennedy
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
Anthony J. Patek, Esq.
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com
anthony@gutridesafier.com

Charles Ainsworth
Parker Bunt & Ainsworth
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
charley@pbatyler.com

Attorneys for Plaintiff Evolutionary
Intelligence, LLC

4

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Evolutionary Intelligence conferred with counsel for Twitter and Yelp regarding the instant motion for extension of time. Counsel for Twitter and Yelp confirmed that those parties oppose the motion. Accordingly, the parties are at an impasse, leaving an open issue for the Court to resolve.


Dated: **January 22, 2013**         /s/ Todd Kennedy
                                    Todd Kennedy
                                    Gutride Safier LLP
                                    835 Douglass Street
                                    San Francisco, California 94114
                                    Telephone: (415) 789-6390
                                    Facsimile: (415) 449-6469
                                    todd@gutridesafier.com


## CERTIFICATE OF SERVICE

The undersigned certifies that, on **January 22, 2013**, the foregoing document was served via the Court's electronic filing system on all counsel of record.


Dated: **January 22, 2013**         /s/ Todd Kennedy
                                    Todd Kennedy
                                    Gutride Safier LLP
                                    835 Douglass Street
                                    San Francisco, California 94114
                                    Telephone: (415) 789-6390
                                    Facsimile: (415) 449-6469
                                    todd@gutridesafier.com