**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant. | Case No.  6:12-cv-00792 MHS-CMC <br><br> JURY TRIAL DEMANDED |

**<u>TWITTER, INC.'S OPPOSITION TO PLAINTIFF EVOLUTIONARY INTELLIGENCE, LLC'S MOTION TO FILE AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................... 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................... 2

III. LEAVE TO AMEND MAY BE DENIED ON VARIOUS GROUNDS .......................... 4

IV. EVOLUTIONARY'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED .... 5

    A. Evolutionary's Proposed Amended Complaint is Futile Because The Proposed New Defendants Are Improperly Joined Under the AIA ........................................ 6

        1. The Proposed New Defendants Do Not Make, Use, or Sell *The Same Accused Product* ............................................................................................. 7

        2. The Proposed New Defendants' Alleged Infringement Is Not Part of the Same "Transaction or Occurrence" ............................................................. 8

        3. Evolutionary's Claims Against The Proposed New Defendants Do Not Raise Common Questions of Fact................................................................. 9

    B. Evolutionary's Motion Contravenes This Court's Order...................................... 10

    C. Evolutionary's Proposed Amendments Are Made In Bad Faith. ......................... 11

    D. Evolutionary Unduly Delayed Seeking Its Proposed Amendments. .................... 13

V. CONCLUSION........................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

**Page**

*Balthasar Online, Inc. v. Network Solutions, Inc.*,
   654 F.Supp.2d 546 (E.D. Tex. 2009) ................................................................................ 12

*Barrett v. Indep. Order of Foresters*,
   625 F.2d 73 (5th Cir. 1980) ................................................................................................ 5

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
   Case No. 6:12-cv-00783-MHS-CMC (2012) ..................................................................... 12

*In re EMC Corp.*,
   2013 U.S. App. LEXIS 1985 (Fed. Cir. Jan. 20, 2013) ..................................................... 13

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) .......................................................................................... 11

*In re Southmark Corp.*,
   88 F.3d 311 (5th Cir. 1996) ............................................................................................ 5, 13

*In re Zimmer*,
   609 F.3d 1378 (Fed. Cir. 2010) .......................................................................................... 11

*Layfield v. Bill Heard Chevrolet Co.*,
   607 F.2d 1097 (5th Cir. 1979) ............................................................................................. 5

*Mednovious, Inc. v. Qinet IQ Grp. PLC*,
   2012 U.S. Dist. LEXIS 142072 (C.D. Cal. Oct. 1, 2012) ............................................ 6, 7, 9

*Mitsubishi Aircraft Int'l, Inc. v. Brady*,
   780 F.2d 1199 (5th Cir. 1986) ........................................................................................... 13

*Motorola Mobility v. Apple Inc.*,
   2012 U.S. Dist. LEXIS 106398 (S.D. Fla. Jul. 31, 2012) .................................................... 6

*Pan Islamic Trace Corp. v. Exxon Corp.*,
   632 F.2d 539 (5th Cir. 1980) ............................................................................................... 5

*Phoenix Licensing, LLC v. Aetna, Inc.*,
   2012 WL 3472973 (E.D. Tex. Aug. 15, 2012) ............................................................ 5, 6, 7

*Potter Voice Techs. LLC v. Apple, Inc.*,
   2013 U.S. Dist. LEXIS 45526 (D. Col. Mar. 29, 2013) ...................................................... 9

*SAP Am., Inc. v. Wellogix, Inc.*,
  No. H-10-1224 (S.D. Tex. July 12, 2012) .............................................................................. 11

*Time Release Sciences, Inc. v. Cone Mills Corp.*,
  1995 WL 13251 (W.D.N.Y. Jan. 11, 1995) ............................................................................ 12

*Wimm v. Jack Eckerd Corp.*,
  3 F.3d 137 (5th Cir. 1993) ................................................................................................... 4, 5

**Statutes**

35 U.S.C. § 299 .............................................................................................................. 1, 6, 8, 10

**Rules**

Rule 12(b)(6) .................................................................................................................................. 10

**I.     INTRODUCTION**

Nearly six months after bringing this lawsuit and shortly before it must respond to Twitter, Inc.'s ("Twitter") Motion to Transfer to the Northern District of California (Dkt. No. 13), Plaintiff Evolutionary Intelligence, LLC ("Evolutionary") seeks leave to file an amended complaint that would change its principal place of business and add three new parties to Evolutionary's lawsuit against Twitter.  Twitter opposes Evolutionary's motion and the Court should deny it.

Evolutionary's motion to amend its complaint is futile because it attempts to join unrelated parties in violation of 35 U.S.C. § 299.  The proposed new parties are all independent companies who have developed independent products and Evolutionary does not allege and cannot show that they have any relationship to each other; their only alleged connection is that they each analyze data from the Twitter API.  Indeed, Evolutionary does not even allege that the new proposed parties infringe the same asserted patents.

Evolutionary's Motion to Amend should also be denied because it directly contravenes the Court's Order limiting proceedings to venue-related issues until after the Court holds a Scheduling Conference.  Additionally, *within days* of learning that Twitter would file a transfer motion, Evolutionary purportedly moved its principal place of business from San Francisco, California (where both parties had their headquarters when Evolutionary filed its complaint and where Twitter still resides) to Newton, Massachusetts and now seeks to add two defendants headquartered on the East Coast and one headquartered in Austin, Texas.  The only plausible conclusion is that Evolutionary moved its headquarters and filed its motion to amend now (after having more than two months to analyze Twitter's transfer motion and just a few weeks before it had to file its opposition) in a bad faith attempt to manipulate the appropriate forum for this

dispute between two San Francisco-based companies. Moreover, the Court should deny Evolutionary's motion because of its unexplained six month delay in seeking to amend, especially when the information relevant to amendment was readily available to it months before bringing this lawsuit. Accordingly, Twitter respectfully requests that the Court deny Evolutionary's motion for leave to file an amended complaint.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Evolutionary filed this lawsuit on October 17, 2012, alleging that its principal place of business is in San Francisco, California. (Dkt. No. 1 at ¶ 1.) Evolutionary generically accused Twitter's "real-time information network product and service, accessible at least through twitter.com and mobile device applications" of directly infringing one or more claims of the two asserted patents. (Dkt. No. 1 at ¶¶ 9, 14.) Because Evolutionary's vague allegations did not adequately identify an accused product as required by Form 18, but instead accused Twitter's entire business of infringement, Twitter moved to dismiss the complaint for failure to state a claim. (Dkt. No. 10.) Evolutionary opposed that motion rather than amend its complaint (Dkt. No. 23) and the motion remains pending before the Court.

On December 5, 2012, counsel for Twitter informed Evolutionary's counsel that Twitter intended to file a motion to transfer this case to the Northern District of California. Evolutionary indicated it would oppose that motion. (Dkt. No. 13.) On December 21, 2012, Twitter filed its transfer motion. (*Id.*) On January 7, 2013, Twitter agreed to Evolutionary's request for a two week extension to respond. (Dkt. No. 18.) On January 22, 2013, Evolutionary filed a motion to compel Twitter to respond to venue-related discovery and sought an additional sixty days from the date such discovery "opened" to oppose Twitter's Motion to Transfer. (Dkt. No. 24.)

On January 17, 2013, Twitter filed a motion to stay this case pending resolution of its transfer motion. (Dkt. No. 22.) On February 27, 2013, the Court denied Twitter's motion to stay but stated:

> With the exception of venue discovery and briefing on any pending motions, ***the parties will not be required to proceed on the merits,*** including discovery not related to venue, until such time as the Court conducts a scheduling conference.

(Dkt. No. 34 at 5 (emphasis added).) The Court also granted Evolutionary's request for an additional 60 days to respond to Twitter's Motion to Transfer, until "on or before April 29, 2013." (*Id.* at 6.)

On March 25, 2013, Evolutionary filed the present motion for leave to file a second amended complaint. (Dkt. No. 35.) Evolutionary's motion to amend comes nearly six months after it filed its original complaint; more than three months after Twitter filed and served its transfer motion; and, because of Evolutionary's repeated requests for extensions, just over one month before Evolutionary's opposition to Twitter's transfer motion is due. Evolutionary's proposed amended complaint makes the following changes to the original complaint:

- moves Evolutionary's principal place of business from San Francisco, California (where it was headquartered when it filed this lawsuit) to Newtown, Massachusetts;

- names Crimson Hexagon, Inc. ("Crimson Hexagon"), Dataminr, Inc. ("Dataminr") and Mass Relevance, Inc. ("Mass Relevance") as defendants;

- alleges that Crimson Hexagon is based in Boston, Massachusetts, Dataminr is based in New York, New York, and that Mass Relevance is based in Austin, Texas;

- alleges that Crimson Hexagon, Dataminr, and Mass Relevance directly infringe the '536 Patent;

- alleges that Mass Relevance directly infringes the '682 Patent;

- adds allegations of inducement by Twitter on both asserted patents; and

- removes allegations of willful infringement by Twitter.

(Dkt. No. 35, Ex. C, ¶¶ 1, 3-5, 14-18, 24-26.)

Neither the proposed amended complaint nor Evolutionary's brief in support of its motion for leave to amend explain Evolutionary's delay in seeking amendment. Evolutionary's proposed amended complaint alleges that "Twitter has held [Crimson Hexagon, Dataminr, and Mass Relevance] out to the public as being certified developers of Twitter-integrated products, by conferring its Twitter Certified Product Engagement badge on Crimson Hexagon and Dataminer [*sic*], and by conferring its Twitter Certified Product Analytics badge on Mass Relevance." (Dkt. No. 35 Ex. C at ¶ 18; see also Dkt. No. 34 at 6).[1] All of this information was publicly available as of at least August, 2012—two months before Evolutionary filed this lawsuit. *See* Tadlock Decl., Ex. A [Twitter Blog Post]. Evolutionary did not obtain any additional information about these proposed new defendants from venue discovery that would justify amendment (Evolutionary filed its Motion to Amend before Twitter responded to venue-related discovery).

## III. LEAVE TO AMEND MAY BE DENIED ON VARIOUS GROUNDS

In deciding whether to grant leave to file an amended pleading under Federal Rule of Civil Procedure 15(a), a district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). While leave to amend is liberally given, it "is by no means automatic." *Id.*

---

[1] Evolutionary's proposed amendments incorrectly characterize the proposed new defendants. Crimson Hexagon and Dataminr are Twitter Certified Analytics Products. Mass Relevance is a Twitter Certified Engagement Product. *See* Tadlock Decl., Ex. A.

If a complaint, as amended, would be subject to dismissal, then leave to amend should be denied. *See Phoenix Licensing, LLC v. Aetna, Inc.*, 2012 WL 3472973, *2 (E.D. Tex. Aug. 15, 2012) ("Because joinder of [the proposed new defendant] is inappropriate under the AIA or Rule 20, Plaintiff's Motion for Leave to Amend its Complaint to add [the proposed new defendant] as a party is hereby DENIED."); *Pan Islamic Trace Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980). Leave to amend may also be denied where the facts underlying the amended complaint were known to the party when the original complaint was filed. *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (affirming denial of motion for leave to file second amended complaint for failure to assert claims sooner where plaintiff was aware of underlying facts at the outset of the litigation); *Wimm*, 3 F.3d at 142 (same); *see also Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Wimm*, 3 F.3d at 139.

## IV. EVOLUTIONARY'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED

Evolutionary's motion should be denied because (1) the proposed amended complaint is futile because it improperly joins unrelated parties in violation of the America Invents Act; (2) it contravenes this Court's Order staying non-venue related proceedings until after a scheduling conference; (3) Evolutionary's proposed amendments are made in bad faith, as they are a transparent attempt to manipulate the appropriate venue for this lawsuit; and (4) Evolutionary unduly delayed seeking its proposed amendments.

### A. Evolutionary's Proposed Amended Complaint is Futile Because The Proposed New Defendants Are Improperly Joined Under the AIA

Evolutionary's proposed amended complaint is futile because joinder of Crimson Hexagon, Dataminr, and Mass Relevance is inappropriate under the America Invents Act ("AIA"). *Phoenix Licensing, LLC v. Aetna, Inc.*, 2012 WL 3472973, *2 (E.D. Tex. Aug. 15, 2012) (denying leave to amend where proposed new party would be inappropriately joined). Under the AIA, which was codified as 35 U.S.C. § 299, defendants accused of patent infringement are only properly joined in the same lawsuit if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences* relating to the making, using, importing into the United States, offering for sale, or selling *the same accused product or process*; and
>
> (2) questions of fact common to all defendants . . . will arise in the action.

35 U.S.C. § 299(a)(1)-(2) (emphasis added). The statute makes clear that "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* at (c). "The newly enacted statute sets a higher standard for joinder and prohibits joinder unless the claimed infringement by each defendant arises out of the same transactions relating to infringement of the patent-in-suit *by the same accused product*[.]" *Mednovious, Inc. v. Qinet IQ Grp. PLC*, 2012 U.S. Dist. LEXIS 142072, *3-4 (C.D. Cal. Oct. 1, 2012) (emphasis added). "The Act was designed to address 'problems occasioned by the joinder of defendants who have tenuous connections to the underlying disputes in patent infringement suits.'" *Motorola Mobility v. Apple Inc.*, 2012 U.S. Dist. LEXIS 106398, *18-19 (S.D. Fla. Jul. 31, 2012) citing H.R. Rep. No. 112-98, pt. 1 at 54 n.61 (2011).

### 1. The Proposed New Parties Do Not Make, Use, or Sell *The Same Accused Product*

In its motion, Evolutionary argues that its requested relief arises "out of the same transactions and occurrences relating to making and using of the ***same accused products and processes***." [2] (Dkt. No. 35 at 4.) (emphasis added). This statement is wrong. Evolutionary's proposed amended complaint alleges that the three new defendants directly infringe the '536 patent by virtue of offering ***three separate products***: Crimson Hexagon's "Hexagon ForSight Platform;" Dataminr's "Dataminr product;" and "Mass Relevance Platform and Mass Maps." (Dkt. No. 35, Ex. C, ¶¶ 14-16.) There is no allegation that these three products, from three unrelated and independent companies, are ***the same product*** (nor could there be). *See* Tadlock Decl., Exs. B-E. Further, Evolutionary's proposed amended complaint also alleges that Mass Relevance's "Mass Relevance Platform, Mass Expressions, Mass Leaderboards, Mass Polls, and Mass Trends" products and services directly infringe the '682 Patent (*Id.* at ¶ 24), but it ***does not*** allege that Crimson Hexagon or Dataminr infringe the '682 Patent. Thus, Evolutionary concedes that the products in question are so different that they do not even infringe the same patents. *See Phoenix Licensing*, 2012 WL 3472973, at *2 (denying leave to amend where proposed new defendant only allegedly infringed two of the four patents asserted against original defendants).

Therefore, Evolutionary's proposed amended complaint fails under § 299 because each of the proposed new defendants has its own, independent, allegedly infringing product that is unrelated to the other proposed new defendants' products. *See Mednovious*, 2012 U.S. Dist.

---

[2] Evolutionary's Motion to Amend makes several factual statements about Twitter's business, as well as the businesses of the proposed new defendants but provides no affidavit to support its assertions. For example, Evolutionary argues that "the proposed defendants use Twitter's API to receive JSON containers from Twitter" that "have data describing 'tweets,' or 'status updates' that are provided by Twitter to its customers, including specifically 'space' registers that enable the proposed defendants and Twitter to evaluate the geographical locations in which the status updates were provided." (Dkt. No. 35 at 5.) These facts unsupported, in violation of Civil Local Rule 7(b), which requires "affidavits and other pertinent documents" to support a motion.

LEXIS 142072 at *6 ("Plaintiff's allegations that each Defendant infringed on a different set of products fails § 200(a)(1)'s requirement that Plaintiff's right of relief 'aris[e] out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using . . . or selling *of the same product*.") (emphasis in original).

### 2. The Proposed New Defendants' Alleged Infringement Is Not Part of the Same "Transaction or Occurrence"

Evolutionary similarly argues that "[t]he proposed defendants use the data [from Twitter] to perform detailed analysis regarding consumer sentiment and consumer activities in specific geographic locations and regions." (Dkt. No. 35, ¶ 5)  Initially, as stated above, Evolutionary has not, and cannot, argue that these three independent companies use the ***same product*** to "perform detailed analysis" that allegedly infringes.  Moreover, joining three independent companies who developed their own independent products into one lawsuit because they allegedly perform similar functions does not meet the "same transaction or occurrence" requirement of § 299 and is precisely the practice the AIA sought to stop.  *See Motorola Mobility*, 2012 U.S. Dist. LEXIS 106398 at *25-26 (the AIA adopted the majority construction of Rule 20, and "explicitly abrogated" the minority view, which "allowed plaintiffs in patent actions to join multiple defendants on the sole basis that they allegedly used the same patented invention in different products").  In *Motorola Mobility*, the district court severed HTC and Motorola Mobility because they were competitors and produced different products. *Id.* at *24-26.  The district court there held that "[t]he mere use of the Android platform by these competitors, and the mere allegation that the same or similar patents were infringed, does not satisfy the joinder standards of the AIA." *Id.* at *27.  Similarly here, Evolutionary's allegation that the three proposed new defendants infringe similar patents merely because their independent products each use the Twitter API is insufficient to establish joinder under the AIA.

TWITTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND                8
Case No.  6:12-cv-00792 MHS-CMC

Moreover, even if it were assumed that an individual proposed new defendant's use of the Twitter API was sufficient to join that individual defendant into a lawsuit against Twitter, there would still not be sufficient basis to establish joinder under the AIA for all three proposed defendants.  Any "transaction or occurrence" between Twitter and Crimson Hexagon is completely separate from any "transaction or occurrence" between Twitter and Mass Relevance.  The same is true for Mass Relevance.  Thus, these three proposed new defendants are improperly joined together.  *See Mednovious*, 2012 U.S. Dist. LEXIS 142072 at *6-7 (no joinder where two proposed new defendants were not part of same "transaction or occurrence").

Evolutionary also appears to argue that its proposed amended complaint satisfies the "transaction or occurrence" test because it has added an allegation of induced infringement against Twitter, with the proposed new parties as the alleged direct infringers.  (Dkt. No. 35 at 6-7.)  This argument is a non-sequitur and fails because Evolutionary has not alleged that these three new parties (as the direct infringers in an inducement allegation) directly infringe by virtue of making, selling, or using ***the same product***.  Additionally, each instance of alleged direct infringement by the proposed new parties is a separate act unconnected from the others and, therefore, is not part of the "same transaction or occurrence."  Thus, Twitter's alleged inducement of Crimson Hexagon is not the same transaction or occurrence as Twitter's alleged inducement of Dataminr.  *See Potter Voice Techs. LLC v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 45526, *10-13 (D. Col. Mar. 29, 2013) (claims of inducement do not satisfy § 299 requirements because "use of Google Voice on an iPhone 4S is not the same transaction or occurrence as the use of Google Voice on a LG Optimus S").

   **3.**  **Evolutionary's Claims Against The Proposed New Defendants Do Not Raise Common Questions of Fact**

Evolutionary also argues that "questions of fact common to all defendants will arise in

each action" but then lists a series of examples highlighting that there will be many ***divergent*** questions of fact. For example, determining "how the structure and operation of [Twitter's] accused products are configured to enable both [Twitter] and the proposed defendants to process the space register data in a manner that infringes the patents" requires analysis of each proposed new party's source code to determine how it functions. These are not common facts across all defendants. Evolutionary has provided no evidence that these newly proposed defendants have worked with each other, or with Twitter, to develop the accused products or that they are similar in any way.

In sum, Evolutionary's complaint attempting to group four unrelated parties together fails to satisfy 35 U.S.C. § 299. Each of the proposed new defendants has its own separate product that Evolutionary accuses of directly infringing. The allegations of infringement against each of the proposed new defendants is separate conduct, not part of the same "transaction or occurrence." Similarly, Evolutionary has not established that the case against these proposed new parties would raise common questions of fact. Because these new parties are improperly joined, Evolutionary's proposed amended complaint is futile and its motion should be denied.[3]

### B. Evolutionary's Motion Contravenes This Court's Order.

Evolutionary's proposed amendment is not only futile, it directly contravenes this Court's February 27, 2013 Order instructing that the Court would not proceed on issues other than venue until it conducted a scheduling conference. (Dkt. No. 34 at 5.) Evolutionary's motion for leave to amend its complaint purportedly has no bearing on venue. As such, it should

---

[3] Evolutionary's proposed amended complaint does not cure the deficiencies identified in Twitter's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). (Dkt. No. 10.) The proposed amended complaint still only vaguely alleges that Twitter's "real-time information network product and service, accessible at least through twitter.com and mobile applications" directly infringes the asserted patents. (Dkt. No. 35, Ex. C, ¶ 13.) This allegation fails to put Twitter on notice of what conduct infringes since it charges Twitter's entire business with infringement and is therefore insufficient under Form 18.

be denied. *Cf. SAP Am., Inc. v. Wellogix, Inc.*, No. H-10-1224 (S.D. Tex. July 12, 2012) (denying as premature motion to temporarily lift stay in order to amend pleadings).

   **C.** **Evolutionary's Proposed Amendments Are Made In Bad Faith.**

The Federal Circuit has clearly stated that manufacturing evidence to manipulate a venue analysis is prohibited:

> Section 1404(a) "should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just." A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities.

*See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) citing *Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964); *see also In re Zimmer*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (rejecting plaintiff's contacts with Texas that "appear[] to be recent, ephemeral, and an artifact of litigation") citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010) (urging courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation).

Both the substance of Evolutionary's proposed second amended complaint and its timing suggest an improper attempt to manufacture facts to manipulate the appropriate venue for this dispute between two San Francisco companies.[4] Evolutionary knew, or should have known about the relationship between Twitter and the three proposed new defendants more than two

---

[4] Evolutionary improperly characterizes its motion as a motion to amend under Rule 15(a) rather than a motion to supplement under Rule 15(d), which is the appropriate mechanism for "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In some cases, Evolutionary's attempts to include new events as amendments are obvious because of the inclusion of language such as "[a]fter the complaint in this action was filed…" (Dkt. No. 35, Ex. C, ¶¶ 18 and 26.) However, other proposed supplements, such as the change to Evolutionary's principal place of business, include no prefacing language, and are not so easily identified. Such supplements are only allowed "on just terms." Fed. R. Civ. P. 15(d). For the reasons explained herein, Evolutionary's proposed changes are not "just."

TWITTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND   11
Case No. 6:12-cv-00792 MHS-CMC

months before it filed its original complaint on October 17, 2012, but did not include them. On December 5, 2012, Twitter informed Evolutionary that it intended to file a motion to transfer to the Northern District of California. In response, Evolutionary moved its principal place of business from San Francisco, California to Newton, Massachusetts. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, Case No. 6:12-cv-00783-MHS-CMC, Dkt. No. 39 at 1 (Declaration of Michael De Angelo stating that Evolutionary Intelligence has been based in the Boston area since December, 2012). Evolutionary then repeatedly requested extensions to oppose Twitter's motion, which now appear designed to delay resolution to allow Evolutionary to identify East Coast and Texas based defendants to add to the case.[5] Evolutionary's motion to amend cannot reasonably be seen as anything other than a transparent attempt to manipulate the venue analysis in response to Twitter's motion to amend and, because such manipulation amounts to bad faith, Evolutionary's motion should be denied.

At a minimum, the Court should evaluate Twitter's motion to transfer without giving consideration to these new allegations. *See Balthasar Online, Inc. v. Network Solutions, Inc.*, 654 F. Supp. 2d 546, 552-53 (E.D. Tex. 2009) (despite addition of Texas-based defendants "apparently added to the lawsuit for the purpose of maintaining venue in this district" following motion to transfer, granting transfer as to non-Texas defendants); *Time Release Sciences, Inc. v. Cone Mills Corp.*, No. 94-cv-0270E(M), 1995 WL 13251, at *1 (W.D.N.Y. Jan. 11, 1995) (upon reconsideration, affirming transfer where plaintiffs subsequently moved to amend complaint to add new defendants purportedly not subject to personal jurisdiction in transferee forum, in part

---

[5] Though the proposed new defendants should not be considered as part of the venue analysis, Twitter notes that the Court may not have personal jurisdiction over Crimson Hexagon and Dataminr.

TWITTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND        12
Case No.  6:12-cv-00792 MHS-CMC

because of plaintiff's failure to apprise the Court of alleged new evidence earlier).[6]

### D. Evolutionary Unduly Delayed Seeking Its Proposed Amendments.

Evolutionary offers no explanation for waiting nearly six months to seek amendment. A plaintiff must exercise reasonable diligence in asserting a complaint, which includes identifying the alleged infringers and allegedly infringing conduct. There simply is no reasonable basis for Evolutionary's tardiness. The information Evolutionary adds to its proposed amended complaint was readily available to it months before it filed this lawsuit. *See* Tadlock Decl., Ex. A. Furthermore, there are no recently changed circumstances that would justify these new claims. Evolutionary's lack of diligence should not be rewarded with leave to amend. *See In re Southmark Corp.*, 88 F.3d at 315 (stating that a court may properly consider an "unexplained delay" following an original complaint); *see also Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986) (affirming denial of leave to amend complaint, stating that failure to urge a claim which is "usually apparent at the outset of a case . . . strongly suggests either a lack of diligence . . . or a lack of sincerity"). Nor should Evolutionary's failure to explain its delay be sanctioned by the stage of this litigation. *See In re Southmark Corp.*, 88 F.3d at 315 (denying motion for leave to file second amended complaint to add facts and related causes of action plaintiff was aware of before it filed its original complaint where (1) no trial date had been set, (2) only one party that had commenced discovery, (3) an answer had been filed only about two months earlier, and (4) no dispositive motions had been filed by any party). Accordingly, Evolutionary's undue delay in seeking to amend its complaint further warrants

---

[6] Evolutionary's attempt to manipulate venue by adding defendants is futile in light of the Federal Circuit's recent decision in *In re EMC Corp.*, which held that, when considering a transfer motion, "the relevant inquiry is the state of affairs at the time 'when suit was instituted.'" 2013 U.S. App. LEXIS 1985, *8 (Fed. Cir. Jan. 20, 2013) citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). When Evolutionary instituted this lawsuit, it had not yet "moved" to Massachusetts and the additional three defendants were not part of the case.

denial of its motion.

## V. CONCLUSION

For the foregoing reasons, Twitter respectfully requests the Court deny Evolutionary's motion for leave to file an amended complaint.

Dated: April 11, 2013

Respectfully submitted,

*/s/ Robert D. Tadlock*
ROBERT D. TADLOCK
KILPATRICK TOWNSEND & STOCKTON, LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: rtadlock@kilpatricktownsend.com

MICHAEL E. JONES
State Bar No. 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANT TWITTER, INC.**