IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC<br>　　　　Plaintiff<br><br>V.<br><br>APPLE, INC.,<br>　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 6:12CV783 |

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC<br>　　　　Plaintiff<br><br>V.<br><br>FACEBOOK, INC.,<br>　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 6:12CV784 |

| | | |
|---|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC<br>　　　　Plaintiff<br><br>V.<br><br>TWITTER, INC.,<br>　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 6:12CV792 |

**ORDER**

The above-referenced cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court: Plaintiff's Motion for Leave to File Amended Complaints (Docket Entry # 35, 34 & 35). Having reviewed the relevant briefing, the Court is of the opinion the motion should be **DENIED**.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a), Evolutionary Intelligence, Inc. ("Plaintiff") seeks leave to file amended complaints in the above cases, adding nine additional parties. Plaintiff alleges these proposed new parties infringe U.S. Patent Nos. 7,010,536 and 7,702,682 ("the patents-in-suit") in conjunction with Defendants Apple, Inc., Facebook, Inc., and Twitter, Inc. ("Defendants"). According to Plaintiff, it has discovered the following:

- BLiNQ Media, LLC, Nanigans, Inc., and Brand Networks, Inc. infringe both patents by processing containerized data using Application Programming Interfaces ("APIs") provided by Defendant Facebook, and by processing containerized data collected using those APIs.

- Crimson Hexagon, Inc., Dataminr Inc., and Mass Relevance, Inc. infringe the '536 patent by collecting and processing containerized data using APIs provided by Defendant Twitter, and by processing containerized data collected using those APIs. Mass Relevance also infringes the '682 patent by collecting and processing data using the Twitter APIs, and by processing containerized data collected using those APIs.

- Jumptap, Inc., Kronos Incorporated, RetailMeNot, Inc., and Sprint infringe the '536 patent by processing containerized data using software frameworks and classes provided by Defendant Apple. In particular, these companies utilize the Apple CoreLocation framework and corresponding classes of the Apple iOS mobile operating system.[1]

Mot. at p. 2.  Plaintiff asserts many of these alleged infringing activities are actively induced by Defendants.  Plaintiff's proposed amended complaint moves Plaintiff's principal place of business from San Francisco, California, to Newton, Massachusetts, joins nine additional defendants across the three cases, and adds allegations regarding inducement by Defendants.

---

[1] The proposed Second Amended Complaint in the *Apple* case would add allegations against the Sprint entities, who are currently named in *Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Cause No. 6:12-cv-791. Plaintiff has filed a separate motion to consolidate the *Apple* and *Sprint* cases.

Defendants assert Plaintiff's motion should be denied as futile because the proposed amendment attempts to join unrelated parties in violation of 35 U.S.C. §299, the America Invents Act ("AIA"). Defendants contend the proposed new parties are all independent companies who have developed independent products. Defendants assert Plaintiff does not allege and cannot show they have any relationship to one other. Defendants Facebook and Apple further assert Plaintiff knew or should have known of the additional claims when it filed its first amended complaint against them. According to Defendants, Plaintiff seeks to add new defendants and claims in an attempt to complicate Defendants' "straightforward and meritorious venue challenge[s]." Apple's Resp. at p. 1.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed all three cases on October 17, 2012. Plaintiff filed its first amended complaint against Defendant Facebook on December 13, 2012 and its first amended complaint against Defendant Apple on February 7, 2013. In all three cases, Defendants filed motions to transfer venue.

In January of 2013, Defendants Facebook and Twitter filed motions to stay proceedings pending resolution of their motions to transfer. On February 27, 2013, the Court denied the motions, stating as follows:

> With the exception of venue discovery and briefing on any pending motions, the parties will not be required to proceed on the merits, including discovery not related to venue, until such time as the Court conducts a scheduling conference. At this time the parties have not yet been ordered to meet, report, and appear at a scheduling conference.

February 27, 2013 Order at p. 5. On April 29, the Court issued an Order setting all of the *Evolutionary* cases for a combined scheduling conference June 5, 2013. Relying heavily on the proposed amended complaints, Plaintiff filed its responses in opposition to Defendants' motions to

transfer venue.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that, after an answer has been filed, "a party may amend the party's pleading only by leave of court" and that "leave to amend shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend may be denied if there are good reasons to deny leave, reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the other party. *Forman v. Davis*, 371 U.S. 178, 182 (1962). "[W]here an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

If a complaint, as amended, would be subject to dismissal, then leave to amend should be denied. *See Phoenix Licensing, LLC v. Aetna, Inc.*, 2012 WL 3472973, *2 (E.D. Tex. Aug. 15, 2012)("Because joinder of [the proposed new defendant] is inappropriate under the AIA or Rule 20, Plaintiff's Motion for Leave to Amend its Complaint to add [the proposed new defendant] as a party is hereby DENIED."). A court may also properly consider whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (affirming denial of motion for leave to file second amended complaint for failure to assert claims sooner where plaintiff was aware of underlying facts at the outset of the litigation).

Without finding Plaintiff's proposed amendments are made in bad faith, the Court does note the timing of the proposed amendments in relation to Defendants' motions to transfer venue.

4

Plaintiff had an opportunity to add the allegations it now proposes when it filed its original complaints and also when it filed its first amended complaints in two of the three above cases. It was not until Defendants filed their motions to transfer that Plaintiff filed this motion for leave to amend, changing its office to Massachusetts and identifying additional defendants. Regardless of Plaintiff's motivation for seeking leave to amend its complaints, Plaintiff offers no explanation for waiting nearly six months to amend this second time.

Plaintiff asserts it did not know of the existence of any of the proposed defendants until February of 2013. However, according to Defendants, the information on which Plaintiff relies in its proposed amended complaint was publicly available and discoverable with any reasonable diligence months before Plaintiff brought the lawsuits. Defendant Twitter asserts Plaintiff did not obtain any additional information about the proposed new defendants from venue discovery that would justify amendment, pointing out that Plaintiff filed its motion for leave to amend before Twitter responded to venue-related discovery. Twitter's Resp. at p. 4.

In addition, the Court is not convinced joining the proposed new defendants would be proper. In its reply, Plaintiff argues that although the proposed new defendants offer different products, those products are created using Defendants' software and APIs, making joinder under the AIA proper. However, Defendants persuasively distinguish the cases relied upon by Plaintiff, asserting the proposed new defendants are accused of using "mere data" provided by Defendants for use in the new parties' own proprietary software applications. Twitter's Surreply at p. 2. Twitter further points out while there is an alleged connection to Twitter, there is no alleged connection between the three proposed new defendants in its case, further making joinder inappropriate. Not only has Plaintiff failed to persuade the Court that its claims against the new proposed defendants relate to the "same

accused product or process" as required for joinder, but Plaintiff has also failed to convince the Court its inducement claims against multiple unrelated defendants are part of the same transaction or occurrence.

Finally, the interests of justice and judicial economy would not be served by allowing Plaintiff leave to amend at this time. If the Court were to allow Plaintiff to add nine additional defendants across three cases, these cases would not be ready for the June 5 combined scheduling conference scheduled in all nine of the *Evolutionary* cases. The Court has already delayed scheduling this conference. Any further delay would be unduly prejudicial to those defendants who are already in the *Evolutionary* cases, most of which have pending motions to transfer which are ripe for consideration. Plaintiff is free to file separate cause of actions against the entities it seeks to join. For these reasons, it is

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaints (Docket Entry # 35, 34 & 35) is **DENIED**.

**SIGNED this 28th day of May, 2013.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE